UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 24-cr-505-DLF |
| v. : | |
| : | |
| DESHAWN LOGGINS, : | |
| also known as "Dae Dae," : | |
| : | |
| Defendant. : | |

**SUPPLEMENTAL BRIEFING REGARDING SECTION 841 PREDICATE FACTS**

The United States of America, by and through its Attorney, the United States Attorney for the District of Columbia, hereby files this supplemental brief, pursuant to the Court's minute order dated September 5, 2025, regarding the jury instructions for the scheduled trial in the above-captioned case. Specifically, the Court requested briefing on whether the predicate facts underlying the sentencing enhancements under 21 U.S.C. § 841 should be submitted to the jury. For the reasons described below, the length of sentence and the release date for Loggins' prior conviction, but not the type of conviction, must be submitted to the jury and proven by the Government beyond a reasonable doubt. Should the Court agree, it should bifurcate the trial into a guilt and recidivism stage and permit proof by Bureau of Prison records or stipulation.

   I.   **Background**

        a. **Statutory Background**

             i. **Title 21, Section 841**

A defendant who violates 21 U.S.C. § 841(a) for the controlled substances and amounts set forth in § 841(b)(1)(B) is subject to a term of imprisonment of between 5 years and 40 years. 21 U.S.C. §§ 841(a), (b)(1)(B). If, however, the defendant commits that violation after a prior conviction for a "serious drug felony," the defendant is subject to a term of imprisonment between

10 years and life. *Id.* The First Step Act (the "Act") modified the trigger for the enhanced sentencing range from a "felony drug offense," and requires instead a "*serious* drug felony or serious violent felony." First Step Act of 2018, § 401(A)(2)(B), PL 115-391, December 21, 2018, 132 Stat 5194 (emphasis added). A "serious drug felony," under the Act, is an "offense described in section 924(e)(2) of title 18 for which (A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within fifteen years of the commencement of the instant offense." *Id.* § 401(a)(1) (cleaned up); 21 U.S.C. § 802(57). As relevant here, 18 U.S.C. § 924(e)(2)(A) defines a "serious drug offense" as "an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.) . . . for which a maximum term of imprisonment of ten years or more is prescribed by law. . . ." 18 U.S.C. § 924(e)(2)(A).

By contrast, a defendant who violates 21 U.S.C. § 841(a) for a detectable amount of a controlled substance set forth in § 841(b)(1)(C) is subject to a maximum term of imprisonment of only 20 years. 21 U.S.C. §§ 841(a), (b)(1)(C). If, however, a defendant commits a violation of § 841(b)(1)(C) after a prior conviction for a "felony drug offense," such person shall be sentenced to a maximum term of imprisonment of 30 years. *Id.* A "felony drug offense" means "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). The First Step Act left this enhancement undisturbed.

In sum, the First Step Act made more restrictive which qualifying drug sentences subject a defendant to enhanced mandatory minimums and maximums under § 841(b)(1)(B), but left in

place the more capacious qualifying convictions that trigger the enhanced statutory maximum under § 841(b)(1)(C).

### ii. Title 21, Section 851

Section 851 of Title 21 sets forth proceedings to establish prior convictions under Part D, which includes Section 841. It provides in relevant part that "[n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial . . . the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a)(1). Then, "*after conviction but before pronouncement of sentence,*" the Court "shall . . . inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." *Id.* § 851(b) (emphasis added).

If the defendant denies either the allegations in a Section 851 information or the validity of the conviction, the defendant is required to respond in writing. *Id.* § 851(c)(1). The Court must then hold a hearing "before the court without a jury" at which the "United States attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact." *Id.* However, if the defendant alleges that his conviction was obtained in violation of the Constitution, the defendant "shall have the burden of proof by a preponderance of the evidence on any issue of fact raised by the response." *Id.* § 851(c)(2). The Court may then impose sentence under the applicable statutory provision, depending on the outcome of the hearing and/or response. *Id.* § 851(d).

3

### b. Procedural History

On June 10, 2025, a grand jury returned a Superseding Indictment ("SI") against defendant Deshawn Loggins charging him with, *inter alia*, violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) (Count One) and 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Two) for conduct on June 6, 2024. ECF No. 26. For Count One, the SI alleges that prior to committing the offense, Loggins had a final conviction for a "serious drug felony," specifically a previous conviction under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 for which he served more than 12 months imprisonment and was released within 15 years of the instance offense. *Id.* For Count Two, the SI alleges that prior to committing the offense, Loggins had a "felony drug offense" – a conviction under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 that was punishable by imprisonment for more than one year. *Id.*

On August 15, 2025, the Government filed an Information to establish prior convictions pursuant to 21 U.S.C. § 851. ECF No. 34. The allegations in the Information are, for these purposes, substantially the same to those in the SI. *Id.*

On August 27, 2025, pursuant to the Court's pretrial order, the Government proposed modifications (ECF No. 40) to the Court's proposed jury instructions (ECF No. 29). Of note here, the Government proposed that should the jury convict the defendant of Count One, the jury should be asked to find two predicate facts required to find a "serious drug felony"—specifically, whether (1) Mr. Loggins served a term of imprisonment of more than 12 months, and; (2) his release from that term of imprisonment was within 15 years of the commencement of this offense. ECF No. 40 at 30. The Government did not propose an additional instruction for Count Two on the definition of a "felony drug offense." *Id.* at 32.

The parties discussed these instructions at the pretrial conference held on September 5, 2025, and the Court requested supplemental briefing on what facts must go to the jury.

II. **Argument**

The length of sentence and the release date for Loggins' previous conviction, but not the conviction type, must go to the jury, regardless of the pre-sentencing procedural mechanism set forth in Section 851. The Court should bifurcate the trial into guilt and recidivism stages and permit this evidence through either Bureau of Prisons Records or stipulation.

   a. **The Sixth Amendment Requires that the Length of Sentence and Release Date, but Not Conviction Type, Must Be Found by the Jury**

Because the length of sentence and release date for Loggins' previous conviction are predicate facts for a "serious drug felony" that increase the statutory minimum and maximum sentence for Count One, a jury must find them beyond a reasonable doubt. These facts must be submitted to the jury notwithstanding the pre-sentencing procedure laid out in Section 851. However, the type of that conviction – both for purposes of the "serious drug felony" enhancement for Count One and the "felony drug offense" enhancement for Count Two – are encapsulated within the "fact of conviction" exception for judicial fact-finding recognized by the Supreme Court.

Under the Fifth Amendment's Due Process Clause and the Sixth Amendment, the jury must determine any facts that increase a statutory minimum or maximum punishment. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *Alleyne v. United States*, 570 U.S. 99, 103, 111 n.1 (2013). However, there is a narrow exception for the "fact of conviction" under *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998). At issue in *Almendarez-Torres* was a sentencing scheme under 8 U.S.C. § 1326 that triggered a higher maximum penalty if the government previously removed an alien after a "conviction for commission of an aggravated felony." 523

5

U.S. at 226. The Court rejected the defendant's argument that this fact was an element of the offense that needed to be proven beyond a reasonable doubt, drawing on the tradition of treating recidivism as a sentencing factor. *See id.* at 243 (distinguishing *McMillan v. Pennsylvania,* 477 U.S. 79 (1986), by finding in part "that the sentencing factor at issue here—recidivism—is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence.").

Although not expressly overruling it, the Supreme Court has severely limited the exception articulated in *Almendarez-Torres*. In *Apprendi*, the Court called *Almendarez-Torres* "at best an exceptional departure from the historic practice" of requiring proof beyond a reasonable doubt of facts that increase the statutory maximum. 530 U.S. at 487; *see also Alleyne*, 570 U.S. 99 n.1 ("In *Almendarez–Torres v. United States*. . . .we recognized a narrow exception to this general rule for the fact of a prior conviction"). The *Apprendi* Court distinguished the procedural safeguards of a previous conviction, as well as the fact that Almendarez-Torres did not contest that conviction, from the sentencing enhancement under the New Jersey hate crime scheme at issue in *Apprendi*. 530 U.S. 488 ("Both the certainty that procedural safeguards attached to any 'fact' of prior conviction, the reality that Almendarez-Torres did not challenge the accuracy of that 'fact' in his case, mitigated the due process and Sixth Amendment concerns. . . .").

Last year, in *Erlinger v. United States*, 602 U.S. 821 (2024), the Supreme Court further narrowed *Almendarez-Torres*. In *Erlinger*, the Court considered whether the jury had to find a defendant's previous convictions under the Armed Career Criminal Act (ACCA) were committed on separate occasions—a fact which would increase both his statutory maximum and minimum sentences. 602 U.S. 821, 835 (2024). Applying *Apprendi* and *Alleyne*, the Court answered in the affirmative. *Id.* The Court rejected an argument that *Almendarez-Torres* permitted the Court to

6

find "any fact related to a defendant's past offenses, including whether he committed them on different occasions." *Id.* at 837. It reiterated that *Almendarez-Torres*' "narrow exception" for a judge to find the "fact of a conviction" permits a judge to "do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of." *Id.* at 838 (citing *Mathis v. United States*, 579 U.S. 500, 511–512 (2016)). The Court underscored the point: "[w]e have reiterated this limit on the scope of *Almendarez-Torres* 'over and over,' to the point of 'downright tedium.'" *Id.* (citation omitted). Because the district court in *Erlinger* did "more than identify his previous convictions and the legal elements required to sustain them" but had also found "those offenses occurred on at least three separate occasions," it had gone beyond what *Almendarez-Torres* permitted. *Id.*

This precedent clearly establishes that the jury must find the length of sentence and release date for Loggins' previous conviction, but that the Court may determine whether the conviction is qualifying. To establish a prior conviction for a "serious drug felony" for purposes of Count One, the Government must establish (1) a qualifying drug conviction with statutory maximum of ten years or greater, 21 U.S.C. § 802(57), 18 U.S.C. § 924(e)(2)(A); (2) for which Loggins served over a year in prison, 21 U.S.C. § 802(57); and (3) was released within fifteen years of the commencement of this offense, *id.* By contrast, to establish a "felony drug offense" for purposes of Count Two, the Government need only prove a felony drug offense, *i.e.* "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). A prior conviction for a "serious drug felony" raises the statutory minimum and maximum for a § 841(b)(1)(B) conviction, and a prior conviction for a "felony drug offense" raises the statutory maximum for a

§ 841(b)(1)(C) conviction, meaning that all facts required to establish their applicability—*other than the fact of a prior conviction*—must be submitted to the jury and established beyond a reasonable doubt under *Apprendi* and *Alleyne*.

However, determining whether fact (1) above applies for purposes of a "serious drug felony," or whether a conviction meets the definition of a "felony drug offense" for purposes of Count Two, pertain solely to the "fact of a prior conviction." More specifically, they require the Court to "determine what crime, with what elements, the defendant was convicted of." *Erlinger,* 602 U.S. at 838. This is because the Court may rely on so-called *Shepard* documents to determine the statute of conviction—and then need not look at other 'facts' to determine the maximum sentence for that statute—without running afoul of the Sixth Amendment. *Cf. Erlinger*, 602 U.S. at 839 ("[A] sentencing judge may use the information he gleans from *Shepard* documents for the 'limited function' of determining the fact of a prior conviction and the then-existing elements of that offense").

By contrast, examining facts (2) and (3) for purposes of "serious drug felony" goes beyond "determin[ing] what crime, with what elements, the defendant was convicted of." *Erlinger*, 602 U.S. at 838. In *Erlinger*, the Court held that the jury must determine whether a defendant's ACCA predicate offenses took place on separate occasions because such examination went beyond the mere examination of the elements of the offense. *Erlinger*, 602 U.S. at 840 (the district court "assume[d] for itself the responsibility of deciding whether Mr. Erlinger's past offenses differed enough in time, location, character, and purpose to have transpired on different occasions."). The Court reasoned that even if the analysis were "straightforward" in the usual case, such factual questions should be subject to adversarial testing; "[t]here is no efficiency exception to the Fifth and Sixth Amendment." *Id.* at 842.

8

Requiring facts (2) and (3), but not (1) or "felony drug offense," to go before the jury is also consistent with the statutory history of the First Step Act. As noted above, the enhancements were previously triggered by "felony drug offense" in § 841(b)(1)(B) offenses as well as (b)(1)(C). The D.C. Circuit previously concluded that a judge may properly determine whether a prior conviction constitutes a "felony drug offense," relying on the *Almendarez-Torres* exception for the "fact of a prior conviction." In *United States v. Webb*, 255 F.3d 890 (D.C. Cir. 2001), the defendant, among other things, challenged his 30-year sentence because the jury found him responsible for a detectable amount of cocaine base and made no findings concerning his prior convictions, thus he argued that his statutory maximum was 20 years under § 841(b)(1)(C). 255 F.3d at 893. The Circuit disagreed, noting that that 21 U.S.C. § 841(b)(1)(C)'s maximum is 30 years if a person commits such a violation after a prior conviction for a felony drug offense has become final. The Court reasoned that "as discussed above, in *Almendarez–Torres* the Supreme Court expressly held that an enhancement for prior convictions need not be based on a jury's finding—a holding the Court preserved in *Apprendi*," implying that the district court was permitted to find the "felony drug offense" to increase the statutory maximum. 255 F.3d at 897; *see also United States v. Caldwell*, 21 F. App'x 810, 812 (10th Cir. 2001) (holding that *Apprendi* did not require that the jury be allowed to determine whether defendant had a prior felony drug conviction under § 841(b)(1)(C) that raised the applicable offense statutory maximum from 20 years to 30 years). Thus, when Congress rewrote Section 841 in 2018 substituting "serious drug felony" for "felony drug offense" to trigger the enhanced mandatory minimums and maximums in § 841(b)(1)(B), it did so against the known backdrop of *Apprendi*, *Alleyne*, and the narrow *Almendarez-Torres* exception for the fact of prior convictions. By adding in two additional facts—length of sentence and release date— and making the trigger more restrictive, it is a reasonable inference that Congress intended to

9

change the enhancement finding from a purely judicial one into a hybrid determination. *Parker Drilling Mgmt. Servs., Ltd. v. Newton*, 587 U.S. 601, 611 (2019) ("It is a commonplace of statutory interpretation that 'Congress legislates against the backdrop of existing law.'").

Although the caselaw is not uniform, the two Circuit courts that considered the length of sentence and release date enhancements under § 841 have both indicated that they are facts for the jury to determine.[1] In *United States v. Fields*, the trial judge submitted the length of incarceration and recency of release of two prior convictions for purposes of the "serious drug offense" enhancement to the jury in a bifurcated trial, which it then used to sentence the defendant at the bottom of the enhanced statutory range on a § 841(b)(1)(A) conviction. 53 F.4th 1027, 1035 (6th Cir. 2022). In a detailed analysis, the Sixth Circuit rejected the defendant's constitutional challenge to this procedure. It found "more persuasive" a narrow reading of the *Almendarez-Torres* exception limited to the fact of prior conviction (which would not include incarceration facts), as opposed to a broader exception permitting judicial fact-finding concerning recidivism (which would). 53 F.4th at 1038.[2] Because the jury actually considered these facts, however, the Circuit Court did not have to decide the Sixth Amendment issue. *Id.* The Court also held that the statute itself (21 U.S.C. § 851) did not preclude the court from sending these facts to the jury. *Id.* at 1041 ("Nothing in § 851 expressly forbids a court from sending factual questions to a jury during a bifurcated trial merely because they may come up later in a § 851(c) hearing. The statute is silent

---

[1] The Fourth Circuit, in *United States v. Smith*, 451 F.3d 209 (4th Cir. 2006), rejected a challenge to Section 851 because it "permits judicial factfinding on a defendant's prior convictions [and thus] falls within the prior conviction exception." *Id.* at 224. It did not squarely address the *Apprendi* issue, however, and simply reasoned that the procedure set forth in § 851 was constitutional. *Id.* ("Because the Sixth Amendment permits a sentencing court, within the confines outlined in *Shepard,* to find facts relating to a prior conviction, Smith's constitutional challenge to § 851 is without merit.")

[2] *Erlinger*, which post-dates *Fields*, appears to settle this issue in support of the narrow reading of *Almendarez-Torres*. *Erlinger*, 602 U.S. 388.

10

on what a court can and cannot do during the trial phase of a criminal proceeding.").[3] And in *United States v. Guyton*, 144 F.4th 449 (3d Cir. 2025), the jury was not asked to determine whether the defendant's conviction was a "serious drug felony," and the district court nonetheless used these recidivist enhancements to increase the mandatory minimum and maximum sentence under 21 U.S.C. § 841(b)(1)(A) and (B) counts. *Id.* at 456. The Third Circuit held that it was "plain error" for the jury not to find whether defendant "served a term of imprisonment of more than twelve months" for the prior conviction and was released "within fifteen years of the commencement of" the federal offenses. *Id.* at 466.

District judges around the country have wrestled with this question and come out on different sides. *Compare United States v. Delpriore*, 662 F. Supp. 3d 1021, 1028 (D. Alaska 2023) ("the Court finds that the two additional factual predicates specified in 21 U.S.C. § 802(57) are '[f]acts that increase the mandatory minimum sentence' and 'must be submitted to the jury and found beyond a reasonable doubt.'"); *United States v. Beal*, 2021 WL 4524159, at *3 n.6 (D. Haw. Oct. 4, 2021) (noting "that the more 'conservative approach' would be to put the question of the serious drug felony determination to the jury before its dismissal") *with United States v. Lee*, 2021 WL 640028, at *3-7 (E.D.N.C. Feb. 18, 2021) (reasoning that "[t]he exception for the fact of a

---

[3] Briefly, the procedural mechanism set forth in 21 U.S.C. § 851 is not yet implicated because the Court need not inquire as to defendant's position until "after conviction but before pronouncement of sentence," and defense has not yet objected. While there may be some duplication between the facts the jury must find and the facts at issue in the Section 851 proceeding, "[t]here is no efficiency exception to the Fifth and Sixth Amendment." *Erlinger*, 602 U.S. at 840. The Sixth Circuit's decision in *Fields* is consistent with this delineation between a bifurcated trial and Section 851 proceeding. 53 F.4th at 1041 ("Section 851 clearly requires a court, not a jury, to decide disputed issues when the § 851 hearing happens. Fields had not filed a § 851 response when phase two of the trial proceeding occurred; therefore, phase two of the trial could not have been a § 851(c)(1) hearing. And Fields never explains how the statute extends to prohibit the court from sending questions to the jury before the § 851 hearing, during a bifurcated trial.") (cleaned up).

prior conviction is based in the recognition that recidivism does not relate to the commission of the offense," thus concluding that Section "851 requires the court to decide whether defendant has a prior conviction of a serious drug felony, including any necessary definitional components of such a prior conviction" (cleaned up)) and *United States v. Fitch*, No. 19-CR-30, 2022 WL 1165000, at *2 (N.D. Ind. Apr. 19, 2022) (concluding that, although the First Step Act added new facts to consider, those facts are still fall under the "umbrella" of facts of a prior conviction). However, *Lee* and *Fitch* did not have the benefit of the Supreme Court's decision in *Erlinger*, which rejected a broad recidivism-based exception and reiterated *Almendarez-Torres'* limitation to only "determine[ing] what crime, with what elements, the defendant was convicted of." *Erlinger*, 602 U.S. at 838 (quoting *Mathis*, 579 U.S. at 511-512). In addition, both *Lee* and *Fitch* construe a conflict between the court-led procedure in Section 851 and a jury's fact-finding of these predicate facts when none need exist (see footnote 3)—but even if it did, it is Section 851, not the Sixth Amendment, that must yield.

In sum, under the Sixth Amendment, the Court must submit two predicate facts to find a "serious drug felony" to the jury—whether Loggins served more than 12 months on his prior conviction and whether the release date from that sentence for his previous conviction was within 15 years of the instant offense. But whether the conviction is a qualifying one for "a serious drug felony" or is "felony drug offense" falls within the exception for this Court to determine the "fact of prior conviction."

### b. **The Court should bifurcate the trial and permit evidence of the length of Loggins' prior sentence and release date through evidence or stipulations in the second phase**

If the Court agrees that the jury must determine the length of Loggins' prior sentence and release date, it should bifurcate the trial into a guilt and recidivism stage to mitigate any potential prejudice of the effect of these facts on the jury. "[T]raditional tools exist to address the prejudicial

12

effect evidence about a defendant's past crimes can have on a jury. . . [m]ost obviously, a court can bifurcate the proceedings." *Erlinger*, 602 U.S. at 847 (occasions analysis under § 924(e)); *Fields*, 53 F.4th 1027, 1043 (affirming conviction that used such procedure for § 851 predicate facts).  In the recidivism phase, the Government would present evidence—either by BOP records or by stipulation—of the length of sentence and release date.  *See Delpriore*, 662 F. Supp. 3d at 1028 (government intended to rely on the State of Alaska Department of Corrections records).  The jury would then be required to complete a special verdict form.  Such a procedure appropriately preserves the government's ability to prove its case while mitigating the risk of spillover prejudice to the defendant.  *Id.* at 1029 (striking predicates where jury could not be recalled).

Respectfully,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:   */s/ Michael L. Barclay*
MICHAEL L. BARCLAY
Assistant United States Attorney
N.Y. Bar Reg. No. 5441423
601 D Street, N.W., 5.230
Washington, D.C. 20530
(202) 252-7669
michael.barclay@usdoj.gov

IRIS MCCRANIE
Assistant United States Attorney
N.Y. Bar Number 5011234
601 D Street, N.W.
Washington, D.C. 20530
iris.mccranie@usdoj.gov
202-252-7828